UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00074-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JERITON LAVAR CURRY,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a letter (#169) to the court from defendant, submitted while he was represented by counsel. While defendant makes far ranging allegations in such seven-page letter, it appears that he is contending that he entered his plea unknowingly and involuntarily. In United States v. Moore, 931 F.2d 245 (4th Cir. 1991), the Fourth Circuit held:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. at 248. While the court will refer this matter for hearing by the magistrate judge who accepted the plea, the court notes that such letter was submitted some two months after defendant's Plea of Guilty was accepted by Judge Cayer and little more than one week after the Draft Presentence Report (#175) was filed, facts which bear on factor three. The court also notes that despite being advised at the Plea hearing of his right to do so (see Courtroom Recording of Plea (#130)), defendant filed no objection to the court's recommended acceptance of the Plea within the time

1

allowed, which bears on factor six. Finally, the court notes that defendant has requested and been allowed appointment of new counsel on two occasions and is now in the process of having a third attorney appointed. Nothing in this court's record indicates that counsel was anything less than competent, which bears on factor four.

In any event, the court will deem the letter to be a Motion to Withdraw Plea and refer such request to the magistrate judge for determination as the magistrate judge has closely followed the development of this case, taken the plea, and heard defendant's previous motions for appointment of new counsel.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's letter (#169) is **DEEMED** to be a Motion to Withdraw Plea and is referred to Judge Cayer for hearing.

Signed: November 18, 2016



Max O. Cogburn Jr
United States District Judge