UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00074-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **JERITON LAVAR CURRY,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Withdraw his Guilty Plea and Motion for Evidentiary Hearing (#209). The matter has been fully briefed and is ripe for review. Having considered the motion, listened to the courtroom recording (#63) of the Rule 11 colloquy, and reviewed the pleadings, the court enters the following Order.

## FINDINGS AND CONCLUSIONS

### I. Background

Defendant Curry was indicted on multiple counts on March 17, 2016. These charges included three counts: a Hobbs Act robbery (18 U.S.C. § 1951), the conspiracy to commit the Hobbs Act robbery (18 U.S.C. § 1951), and the possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)). Defendant was arraigned on May 26, 2016 and an Order of Detention was entered that day (#70).

The defendant entered a signed Plea Agreement (#125) and Factual Basis (#126), which was signed by his then-counsel, for the plea on August 1, 2016. On August 4, 2016, a plea hearing was held before Magistrate Judge David Cayer. Magistrate Judge Cayer accepted the

plea as knowing and voluntary. (#128). The defendant has made two <u>pro se</u> Motions to withdraw

this guilty plea. (#169, #195). Each of these <u>pro se</u> Motions have been denied as defendant was

represented by counsel. On February 13, 2017, counsel for the defendant entered the instant

Motion, to which the government has filed its Response (#213).

## II.     Applicable Standard

The Federal Rules of Criminal Procedure the court may permit withdrawal of a plea of

guilty upon a showing by the defendant of "any fair and just reason" for doing so. Fed. R. Crim.

P. 32. There is no "absolute right" to withdraw a guilty plea, and the district court has discretion

as to whether "a fair and just reason exists upon which to grant a withdrawal." <u>United States v.</u>

<u>Bowman</u>, 348 F.3d 408, 413 (4th Cir. 2003) (citations omitted).

In making its determination, the court recognizes that the "most important consideration

in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which

the guilty plea was accepted." <u>Id.</u> (citation omitted). Accordingly, the Fourth Circuit has noted

that a district court's inquiry into a plea withdrawal motion is "ordinarily confined to whether the

underlying plea was both counseled and voluntary," which would mean that the plea was "an

admission of all the elements of a formal criminal charge" and constituted "an admission of all

material facts alleged in the charge." <u>Id.</u> (quotations and citations omitted).

An appropriately conducted Rule 11 hearing creates a "strong presumption that the plea

is final and binding." <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992). The court

finds here that the Rule 11 hearing was conducted appropriately. The defendant must rebut this

strong presumption and has the burden of showing a fair and just reason for withdrawal. <u>See</u>

<u>United States v. Ubakanma</u>, 215 F.3d 421, 424 (4th Cir. 2000) (citation omitted).

To guide the court in considering a defendant's plea withdrawal motion, the Fourth Circuit has articulated a six-factor, non-exclusive list for consideration:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see also Bowman, 348 F.3d at 414

## III.     Discussion

Defendant's Motion (#209) asserts that a review of the six-factor test favors the withdrawal of the plea entered in this case. While Moore's six-factor test is non-exclusive, it is helpful to guide the court's review of this Motion. As such, each of the Moore factors will be reviewed *seriatim* below.

### 1.     Credible evidence that his plea was not knowing or not voluntary

Defendant asserts that his guilty plea was not knowing or voluntary. See (#209) at 13. In particular, defendant claims that his mind was affected by an antidepressant, did not have effective assistance of counsel, and the prosecution improperly threatened him. Id. at 14. In this confused state, defendant avers that he "submitted to the will of counsel" and was incapable of fully understanding the proceedings and the charges against him. Id. The defendant asks the court to find that his antidepressant medication, taken approximately one hour prior to the Rule 11 hearing, rendered the defendant "incompetent" as to make him enter his plea involuntarily and unknowingly. (#209) at 14. Defendant writes that his medication caused him to become "confused and unfocused when answering" questions. (#209) at 15.

The court has listened to the recording of the Rule 11 colloquy and reviewed the transcript (#200). The record reflects a number of consultations between Mr. Curry and counsel. It further notes that the defendant answered affirmatively that his mind was clear and noted that he was not under the influence of any alcohol or drugs at the time of the hearing. (#200) at 3. At some points in the hearing, the defendant gave the Magistrate Judge answers that were concerning to the presiding judicial officer. When Magistrate Judge Cayer asked Mr. Curry if the defendant felt that he had enough time to discuss potential defenses with his attorney, Mr. Curry initially responded "no." After an explanation that the question referred expressly to his conversations with counsel about evidence, witnesses, and potential defenses that may be helpful to his case were it to head to trial, the defendant responded "yes." At the time, the defendant understood that question as "I understand if I didn't plead guilty it could be serious. I could go to trial or more charges could be brought upon me and I can lose at trial." (#200) at 12. Further, he had no questions about what the presiding judicial officer meant by the question and that he was at that time satisfied with the services rendered by his attorney.

In order for defendant's drug claim to overcome the above-mentioned strong presumption, it would be necessary for Mr. Curry to demonstrate "that his mental faculties were so impaired by drugs when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974). The court notes that the defendant signed the Plea Agreement (#125) several days ahead of the Rule 11 hearing. The Factual Basis (#126) was also signed several days ahead of the hearing by his then-counsel who claimed that she had reviewed its terms with her client.

The court is unpersuaded that the strong presumption has been rebutted by the defendant's claims regarding his medication. His statement to Magistrate Judge Cayer was, "I understand if I didn't plead guilty it could be serious. I could go to trial or more charges could be brought upon me and I can lose at trial." (#200) at 12. The defendant was able to ably articulate the nature of the hearing and what he was there to do: (a) he was entering a guilty plea; (b) by entering a plea, his case would not proceed to trial; (c) were his case to proceed to trial, he could potentially lose; (d) by pleading guilty, he was subject to fewer charges than if he proceeded to trial on the three-count indictment. This falls short of the <u>Trugilo</u> standard, and the court finds that this <u>Moore</u> factor cuts against the defendant.

As a separate assertion, defendant also claims that the prospect of additional charges amounted to prosecutorial misconduct and coercion, which allegedly overcame his voluntariness and knowledge. The defendant asserts "the prosecutor, through my attorney, had threatened me with new charges and a lot of time if I went to trial and I was pressured by a vindictive prosecution." Curry Affidavit (#209-1) at 2. Even so, the Rule 11 colloquy transcript notes that the defendant claimed no one threatened or intimidated him into entering his plea or provided promises of leniency for same. (#200) at 10. The prospect of additional charges for which the defendant may be subject due to his conduct, without more, does not violate Due Process; the determination of whether to file a charge or to prosecute based on probable cause rests upon the discretion of the prosecutor. <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978).

### 2. Credible assertion of legal innocence

Turning to the second <u>Moore</u> factor, defendant asserts that he is innocent. He argues that his brother, Reginald Tate, was the actual robber and proceeds to lob conclusory statements at

Mr. Tate and other individuals, such as "known to be a liar," "robber," "outrageous lies," and "completely self-serving statements." <u>See</u> (#209) at 18. The court notes that the defendant's burden under this <u>Moore</u> factor is to present evidence that "(1) has the quality or power of inspiring belief, and (2) tends to defeat the elements in the government's *prima facie* case or to make out a successful affirmative defense." <u>United States v. Thompson-Riviere</u>, 561 F.3d 345, 353 (4th Cir. 2009) (citations and quotations omitted). Conclusory allegations do not provide such evidence. <u>See</u> <u>United States v. Wells</u>, No. 94-5666, 1996 WL 174631 (4th Cir. 1996) ("…the mere allegation of innocence, without any new evidentiary support, is not entitled to much weight.").

Under <u>Thompson-Riviere</u>, the court examines the new evidence presented, whether it undercuts the strong presumption, and tends to undermine the government's case or presents a successful affirmative defense. At the Rule 11 hearing, Magistrate Judge Cayer asked whether the defendant was actually guilty of the one count to which he had pled; defendant responded "yes." (#200) at 7. Providing conclusory statements later on do not amount a credible assertion of legal innocence. <u>See</u> <u>Bowman</u>, 348 F.3d at 415 (finding that a later statement that the defendant had "lied" during the Rule 11 hearing unpersuasive).

As for legal assertions in the instant Motion (#209), the court notes that the defendant pleaded to a conspiracy charge. Therefore, the claim of "zero physical evidence connecting defendant Curry" to the robbery would not tend to undermine the government's *prima facie* case, as defendant Curry's plea was related to the conspiracy to commit a Hobbs Act robbery, not the robbery itself. Assertions related to the admissibility of certain evidence, such as one witness's

potential testimony, do not amount to an affirmative defense, and therefore fail to meet the Thompson-Riviere standards.

As the evidence presented in the instant Motion (#209) does not meet the requisite standard, the defendant has not credibly asserted his legal innocence sufficiently as to persuade the court to overcome the strong presumption in favor of his sworn statements at his Rule 11 hearing. Accordingly, this Moore factor cuts against the defendant's Motion.

### 3. Delay between the entering of the plea and the filing of the motion

The plea was entered in August 2016. The instant Motion was filed in February 2017. The court has received two pro se filings from Mr. Curry to withdraw his plea during this six-month period. The first of these pro se Motions (#169) was received by the court on October 21, 2016, several weeks after the entry of the plea.

Even if the court was to accept defendant counsel's argument that at least some of the overall six-month delay was not the fault of the defendant, the period of delay militates against withdrawal. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (finding that an eight week delay between the plea and the motion to withdraw it supported a finding against withdrawal). Accordingly, this Moore factor weighs away from the withdrawal.

### 4. Close assistance of competent counsel

In examining the assistance of competent counsel under Moore, the defendant has the burden to demonstrate whether "(1) counsel's performance fell below an objective standard of reasonableness and (2) that there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Bowman, 348 F.3d at 416 (citations and quotations omitted). The court's inquiry asks if counsel "was reasonable under

prevailing professional norms, and in light of the circumstances." <u>Id.</u> (citations and quotations omitted).

Mr. Curry alleges that his prior counsel failed to meet prevailing professional norms, providing him "incorrect information" and failing to review discovery before advising the client to enter the plea. (#209) at 15-16. It is clear that the relationship between Mr. Curry and Ms. Okwara deteriorated to the point that Mr. Curry refused to cooperate with counsel and Ms. Okwara withdrew as counsel. (#206) at 12. Even so, the court's inquiry is concerned with the two-pronged test above and whether counsel's assistance was reasonable.

Magistrate Judge Cayer held an Inquiry into Counsel hearing (#206) on September 7, 2016. At this hearing, Ms. Okwara testified that she repeatedly met with him from her appointment to the time of the plea. (#206) at 2-3. Ms. Okwara then went to the jail after the plea, and Mr. Curry refused to meet with her. (#206) at 3. At that hearing, Ms. Okwara told the court that she had reviewed the entirety of discovery with the defendant, discussed the potential consequences of going to trial, and noted that the decision whether to take the plea was the defendant's decision to make (#206) at 9. Ms. Okwara explained that Mr. Curry's criminal history could affect sentencing, if he was found guilty, and the plea agreement meant that additional charges would be dropped. <u>Id.</u>  Moreover, Ms. Okwara provided consultation to the defendant during the Rule 11 hearing, as demonstrated in the transcript. The court notes that Ms. Okwara did not visit the jail in the fourteen day period following the entry of the plea, but she did so approximately three weeks later.

From the record, there is no indication that Ms. Okwara's performance fell below an objective standard of reasonableness. Even if the court was to accept that a two-week delay

between the entrance of the plea and the first attempt to visit the defendant in the jail constituted error, that error would not have changed the defendant's decision to enter the plea, as it had already been entered by that point. Even so, the defendant could argue that he may have protested or objected to the entry of the plea earlier had a more prompt visit been made. Assuming that the defendant would have actually met with the defendant at that time, he could presumably have entered, or voiced, his intention to file the instant Motion earlier. On balance, this Moore factor militates against withdrawal, but the court will give it less weight understanding the degradation of the relationship between Mr. Curry and his then counsel.

### 5. Withdrawal and its potential to cause prejudice to the government and inconvenience the court

In evaluating the fifth and sixth Moore factors, the court's inquiry asks whether the defendant can show that the magnitudes of prejudice and inconvenience are small. See United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). The court notes that "withdrawal of a guilty plea almost invariably prejudices the government to some extent." Id.

The defendant acknowledges that the withdrawal of the plea "might" result in prejudice to the government. (#209) at 21-22. Further, defendant asserts there is no specific inconvenience to the court or waste of judicial resources presented here. (#209) at 22.

As to potential inconvenience or prejudice, the court notes that the Presentence Report has already been completed in this matter. (#175). The court also understands that some possible prejudice "must be assumed" given the delay, discussed above, between the plea and the instant Motion to withdraw it. See Craig, 985 F.2d at 178. For example, witness recollection could suffer over time.

That said, the defendant has demonstrated that the prejudice and inconvenience caused by the withdrawal would be slight. The defendant need not demonstrate that such prejudice or inconvenience was non-existent, only that it would be small. <u>Sparks</u>, 67 F.3d at 1154. Accordingly, the defendant has met his burden, showing no specific issues of prejudice or waste issues involved with a withdrawal. As such, the last two <u>Moore</u> factors militate toward withdrawal.

**IV.    Conclusion and Motion for Evidentiary Hearing**

Upon review of the six, non-exclusive <u>Moore</u> factors, the court finds two factors favoring withdrawal and four factors militating against withdrawal. Accordingly, the court will <u>deny</u> the instant Motion (#209) seeking to withdraw the plea.

Defendant's Motion (#209) also requests an evidentiary hearing. While it is well settled that "evidentiary hearings should be liberally granted prior to sentencing," such a hearing "need only be granted when a fair and just reason for withdrawal of the plea is presented." <u>Moore</u>, 931 at 248. As in <u>Moore</u>, the court finds no such reason presented here. After review of the <u>Moore</u> factors and finding that the Rule 11 colloquy was appropriately conducted, the court will <u>deny</u> the Motion for an Evidentiary Hearing.  Further supporting denial of an evidentiary hearing is the fact, discussed above, that the court already conducted a hearing where prior counsel testified as to the professional services rendered to defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Withdraw his Guilty Plea
and Motion for Evidentiary Hearing (#209) are **DENIED**.

Signed: March 17, 2017

Max O. Cogburn Jr.
United States District Judge