UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00074-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JERITON LAVAR CURRY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a letter from defendant. In those 23 pages, defendant covers topics which include health conditions which preexisted his arrest, advice provide by the magistrate judge during initial proceedings, his perception that he has not received appropriate healthcare while housed pending sentencing, and his overall dissatisfaction with the judicial process and his counsel. In this letter, defendant reveals privileged communications between himself and counsel.

The issues raised in the present letter have already been addressed by the judges of this Court in response to a number of pro se requests: as to defendant's requests to withdraw his plea, the Court has entered three Orders (Text Order 11/21/2016, Order #197, & Order #217); as to continuing sentencing, two Orders (#202 & Oral Order 2/14/ 2017); as to motions to appoint new counsel, (Text Order 9/14/2016, granting new counsel, Mr. Lee; Oral Order 11/14/2016 granting new counsel, Mr. Wright); and as to motions to dismiss (Order #155, Order #160 & Text Order 9/13/2016). Finally, Judge Keesler considered allegations of inadequate medical care and resolved those concerns at a hearing. Minute Entry (courtroom recording denying requests for bond) (#120).

1

The only "new" issue raised in defendant's present letter is a request for out-of-district counsel or, alternatively, to be permitted to proceed pro se. Defendant is advised that his request for out-of-district counsel is flatly denied as his allegations concerning the efforts of his counsel ("my mitigation doesn't surface to the level it should," Letter (#219) at 22) provide an insufficient basis to appoint a <u>fourth</u> attorney, much less one from out-of-district. Put another way, the fact that defendant does not agree with the PSR or the Advisory Guidelines has absolutely nothing to do with the efforts of his attorneys. Indeed, this Court has now twice prepared for this defendant's sentencing and has determined that his counsel has performed most professionally on defendant's behalf. In any event, defendant will be provided an opportunity to explain to the Court what facts should be considered in mitigation, but that will only occur at sentencing, which will hereinafter be set.

As to proceeding without counsel at sentencing, such course of action is both dangerous and unadvisable, but it is the absolute right of a defendant to represent himself if he unequivocally so chooses and does so both knowingly and voluntarily, rather than to simply manipulate the system. <u>United States v. Frazier-El</u>, 204 F.3d 553, 559 (4th Cir. 2000); 28 U.S.C. § 1654. The Court will refer that request to a magistrate judge for consideration.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this Court in his Letter (#219), such request is **DENIED**.

(1) The Clerk of Court is instructed to again place this matter on for a Sentencing Hearing as soon as possible.

(2) Before that date, an inquiry into defendant's request to represent himself shall be conducted by a United States Magistrate Judge. If permitted by the magistrate judge to represent himself, defendant must be prepared for the Sentencing Hearing.

Signed: April 4, 2017

Max O. Cogburn Jr
United States District Judge