UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00074-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  )  )  Vs. )  )  JERITON LAVAR CURRY, )  )  Defendant. ) | ORDER |

**THIS MATTER** is before the Court on defendant's Sealed Sentencing Memorandum (#247). There are a few issues raised in that pleading of general concern, which the Court may address without disclosing personal medical information of defendant. Counsel for defendant is reminded that there is no provision for unilaterally filing a Sentencing Memorandum under seal and will, in the future, need to file a Motion to Seal the memorandum.

As to the Sentencing Memorandum, defendant appears to seek immediate or ongoing relief from this court unrelated to relief at sentencing. Defendant states through counsel, as follows:

> The [sealed] photographs illustrate the current physical condition of the defendant and document the alleged medical neglect that he has constantly complained of without relief. Defendant want's all parties in power to be formally noticed of his continuing pleas to receive immediate medical treatment ….

Sent. Mem. (#247) at 1. Defendant is advised that in placing such contentions in a sealed Sentencing Memorandum, he fails to "put on notice" the person charged by statute with his care: the United States Marshal. The Marshal is simply not a recipient of such pleadings. Whenever medical concerns are brought to this Court's attention by a defendant or his counsel, this Court

1

advises the defense to raise those concerns with the United States Marshal immediately. In reviewing this contention, the Court has listened to the April 10, 2017, hearing held before Judge Cayer and not once during the hearing did defendant inform Judge Cayer that he was receiving inadequate medical care. The Court notes that it has now continued Sentencing multiple times at defendant's own request, which only extends his stay in a local facility where he is clearly unhappy with the medical care he is receiving.

Finally, to the extent the defendant seeks to infer that the Court has been unresponsive, the court record belays that assertion. So far, the Court has appointed defendant three attorneys, continued sentencing three times, held a number of hearings, addressed each-and-every pro se and counseled motion which now number in the dozens, and made provision for defendant to pursue his theory (as stated in open court) that he was not competent the day of the Rule 11 hearing. Indeed, in defendant's latest pro se letter to the Court (#238, May 1, 2017), defendant fails to once mention in nine pages that he is receiving inadequate medical care while in pretrial detention.

In an abundance of caution, the Court will send a copy of this Order to the attention of the United States Marshal and direct that the Clerk of Court unseal the Sentencing Memorandum for the limited purpose of providing a copy to the Marshal for his review in his capacity as defendant's custodian while incarcerated.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks presentence relief in his Sentencing Memorandum (#247), such relief is denied. The Clerk of Court is instructed to

send a copy of this Order and the Sentencing Memorandum and attached exhibits to the United States Marshal for his review.

Signed: June 16, 2017

Max O. Cogburn Jr.
United States District Judge