UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-74-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JERITON LAVAR CURRY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Reduce Sentence, (Doc. No. 393), and on Defendant's pro se Motion to Modify Sentence, (Doc. No. 394). Defendant seeks a reduction in his sentence under the First Step Act of 2018, Pub. L. 115-135 (2018), and Federal Rule of Criminal Procedure 52.

I. BACKGROUND

In December of 2015, Defendant Jeriton Lavar Curry facilitated the robbery of a jewelry store by arranging for his associate, Reginald Tate, to intercept the store's assistant manager as he attempted to deposit the day's store proceeds at a bank. (WDNC Case No. 3:19CV292, Doc. No. 175 ¶¶ 5, 7–9). During the robbery, Tate pointed a gun at the assistant manager and demanded the money he was planning to deposit. (Id., Doc. No. 175 ¶ 5). Tate left with approximately $4,000 belonging to the jewelry store. (Id.).

Defendant's girlfriend was an employee at the store and usually followed the assistant manager to the bank. (Id., Doc. No. 175 ¶ 7). Defendant instructed his girlfriend not to follow the assistant manager on the night of the robbery and instructed Tate to commit the robbery. (Id.,

Doc. No. 175 ¶ 9). Defendant later asked his girlfriend to count approximately $1,000 of the robbery proceeds — their "share." (Id., Doc. No. 175 ¶ 7).

In May of 2016, a federal grand jury indicted Defendant and charged him with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951; Hobbs Act robbery, 18 U.S.C. § 1951; and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). (Id., Doc. No. 3 at 2–3). Three months after he was indicted, Defendant agreed to plead guilty to the Hobbs Act conspiracy offense. (Id., Doc. No. 125 ¶ 1). Defendant also agreed that if the district court determined he was a career offender, he would be sentenced under the career-offender guideline. (Id., Doc. 125 ¶ 8(b)). And Defendant agreed that his offense level should be increased by six levels because a firearm was used during his offense of conviction. (Id., Doc. 125 ¶ 8(d); U.S.S.G. § 2B3.1(b)(2)(B)). In exchange for the Government's concessions, including the dismissal of the Section 924(c) firearm offense that would have required a consecutive sentence of at least five years in prison, Defendant agreed to waive his right to "contest the conviction and/or sentence," except for claims of ineffective assistance of counsel or prosecutorial misconduct. (WDNC Case No. 3:16CR74, Doc. No. 125 ¶¶ 19–20).

The probation office determined that Defendant was a career offender based on his prior drug-trafficking convictions and calculated a total offense level of 32. (Id., Doc. No. 175 ¶¶ 22, 24). Based on a total offense level of 32 and a criminal-history category of VI, the probation office determined that the Sentencing Guidelines advised a sentence of between 210 and 262 months in prison. (Id., Doc. No. 175 ¶ 106). Because Defendant faced a statutory maximum sentence of 240 months in prison for his Hobbs Act offense, that range was reduced to 210–240 months in prison. (Id. ¶¶ 105–06). Defendant objected to his classification as a career offender, arguing that his Hobbs Act offense is not a crime of violence under the career-offender guideline,

but this Court overruled Defendant's objection and adopted the presentence report. (Id., Doc. No. 269 at 1). Applying the sentencing factors described in 18 U.S.C. § 3553(a), this Court varied downward by three offense levels and sentenced Defendant based on a guideline range of between 151 and 188 months in prison. (Id., Doc. No. 269 at 3). This Court sentenced Defendant to 151 months in prison. (Id., Doc. No. 268 at 2).

Defendant appealed this Court's judgment, and the Fourth Circuit ordered supplemental briefing on the question whether conspiracy to commit Hobbs Act robbery is a crime of violence under the career-offender guideline. United States v. Curry, 744 F. App'x 784, 785 (4th Cir. 2018). The Government moved to dismiss Defendant's appeal based on the appeal waiver in the parties' plea agreement, and the Fourth Circuit granted the Government's motion in part, holding that Defendant had waived his right to challenge his classification as a career offender and his resulting sentence. (Id. at 786).

In June of 2019, Defendant filed a motion to vacate his conviction and sentence, arguing in part that he was improperly classified as a career offender because his conspiracy offense is not a crime of violence for purposes of that guideline. (WDNC Case No. 3:19CV292, Doc. No. 1 at 5). This Court dismissed and denied Defendant's motion to vacate, holding that Defendant's Hobbs Act conspiracy offense is a crime of violence under the career-offender guideline and that he was properly sentenced as a career offender. (Id., Doc. No. 13 at 23–24). This Court also held that Defendant's claim of sentencing error was barred by his waiver in his plea agreement of the right to challenge his sentence in a post-conviction proceeding. (Id., Doc. No. 13 at 18).

Defendant now asks this Court to reconsider "his Career Offender designation" and to reduce his sentence under section 404 of the First Step Act because he was improperly sentenced as a career offender. (WDNC Case No. 3:16CR74, Doc. No. 393). Defendant seeks the same

relief under Federal Rule of Criminal Procedure 52(b), arguing that his classification as a career offender was "plain error" that affected his substantial rights. (Id., Doc. No. 394). The Government has filed a response in opposition to Defendant's motions.

## II. DISCUSSION

Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act increased the threshold quantities of crack cocaine that would subject a defendant to particular mandatory-minimum sentences and eliminated the mandatory-minimum sentence that previously applied to simple possession of crack cocaine. 124 Stat. at 2372. Section 404(c) of the Act makes clear that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."

Defendant pleaded guilty to a Hobbs Act robbery offense, not to a crack cocaine offense, and Defendant was sentenced well after sections 2 and 3 of the Fair Sentencing Act went into effect. Section 404 of the First Step Act, therefore, has no application in this case and offers Defendant no sentencing relief.

Likewise, Rule 52(b), which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention," offers Defendant no assistance. As the Supreme Court has explained, "[b]ecause it was intended for use on direct appeal, . . . the 'plain error' standard is out of place when a prisoner launches a collateral attack

against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." United States v. Frady, 456 U.S. 152, 164 (1982). The plain-error standard does not create an independent avenue of attack on a court judgment that is final. The Fourth Circuit resolved Defendant's challenge to his career-offender designation on direct appeal, and this Court also rejected the same challenge when Defendant raised it again in his motion to vacate. Rule 52(b) does not authorize this Court to reconsider Defendant's career-offender sentence now. In sum, Defendant is not eligible for sentencing relief under either section 404 of the First Step Act or Federal Rule of Criminal Procedure 52(b).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Reduce Sentence, (Doc. No. 393) and on defendant's pro se Motion to Modify Sentence, (Doc. No. 394), are **DENIED**.

.

Signed: January 25, 2022

Max O. Cogburn Jr
United States District Judge