UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-74-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JERITON LAVAR CURRY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 421). The Government has responded in opposition to the motion. (Doc. No. 434).

**I.   BACKGROUND**

In December 2015, Defendant Jeriton Lavar Curry instructed Reginald Tate to rob a Kay Jewelers store manager, as he made the nightly bank drop. (Doc. No. 175 ¶¶ 5–9). Defendant's girlfriend worked at the jewelry store and ordinarily followed the manager to the bank, but Defendant instructed his girlfriend not to follow him on the night of the robbery, offering the excuse that her car was "running hot." (Id. ¶ 7). Tate threatened the manager with a firearm and stole the money bag from him, giving Defendant a portion of the proceeds. (Id. ¶¶ 5–7). At the time of the robbery, Defendant had previously been convicted of breaking and entering; attempted second-degree kidnaping for which he was sentenced to 19 to 23 months in prison; and 10 drug-trafficking offenses for which he received consolidated terms of between 12 and 24

-1-

months in prison. (Id. ¶¶ 30–31, 36, 39).

A federal grand jury indicted Defendant and charged him with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951; Hobbs Act robbery, id.; and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). (Doc. No. 3 at 1–3). Three months after he was indicted, Defendant agreed to plead guilty to the Hobbs Act conspiracy offense. (Doc. No. 125 ¶ 1). Defendant also agreed that if the district court determined he was a career offender, he would be sentenced under the career-offender guideline. (Id. ¶ 8(b)). And Defendant agreed that his offense level should be increased by six levels because a firearm was used during his offense of conviction. (Id. ¶ 8(d); U.S.S.G. § 2B3.1(b)(2)(B)).

This Court's probation office submitted a presentence report and determined that Defendant was a career offender based on numerous prior drug-trafficking convictions. (Doc. No. 175 ¶ 22). Based on a total offense level of 32 and a criminal history category of VI, the Sentencing Guidelines advised a sentence of between 210 and 262 months in prison. (Id. ¶ 106). Defendant faced a statutory maximum sentence, however, of 240 months in prison, reducing the advisory range to between 210 and 240 months in prison. (Id. ¶ 105).

This Court sentenced Defendant to a downward-variance term of 151 months in prison, explaining that 10 years is a long time in prison and that Defendant had not had a sufficient opportunity to serve sufficient time to understand what might happen if he were prosecuted federally. (Doc. No. 293 at 84–85). The Court varied downward to an offense level of 29 and a criminal history category VI, sentencing Defendant to 151 months in prison. (Id. at 85–86).

Defendant appealed this Court's judgment, and the Fourth Circuit ordered supplemental briefing on the question whether conspiracy to commit Hobbs Act robbery is a crime of violence

under the career-offender guideline. United States v. Curry, 744 F. App'x 784, 785 (4th Cir. 2018). The United States moved to dismiss Defendant's appeal based on the appeal waiver in the parties' plea agreement, and the Fourth Circuit granted the United States' motion in part, holding that Defendant had waived his right to challenge his classification as a career offender and his resulting sentence. Id. at 786.

In June 2019, Defendant filed a motion to vacate his conviction and sentence, arguing in part that he was improperly classified as a career offender because his conspiracy offense is not a crime of violence for purposes of that guideline. (W.D.N.C. Case No. 3:19cv292, Doc. No. 1 at 5). This Court dismissed and denied Defendant's motion to vacate, holding that Defendant's Hobbs Act conspiracy offense is a crime of violence under the career-offender guideline and that he was properly sentenced as a career offender. (Id., Doc. No. 13 at 23–24). This Court also held that Defendant's claim of sentencing error was barred by his waiver in his plea agreement of the right to challenge his sentence in a post-conviction proceeding. (Id. at 18).

While in the Bureau of Prisons, Defendant has committed four disciplinary infractions between 2019 and July 2021. (Gov't Ex. 1). Defendant has completed 16 educational courses or work programs. (Id.). Defendant has 78 months of credited time. (Id.). In 2020, Defendant submitted a request for compassionate release to the warden of his Bureau of Prisons institution. (Doc. No. 327-1 at 1). Defendant now asks this Court to grant him compassionate release because if he were sentenced today, he would receive a shorter sentence. (Doc. No. 421 at 9–14).

## II. DISCUSSION

Section 603(b) of The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a

modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the Bureau of Prisons filed a motion seeking that relief.

Although not binding on this Court, see United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020), the commentary to Sentencing Guidelines § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B). Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

In McCoy, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in section 1B1.13 and that a district court may "treat[] as [an] 'extraordinary and compelling reason[]' for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's]

-4-

sentences and those provided for under the First Step Act." 981 F.3d at 286. The court must make an individualized determination that the defendant has identified an extraordinary and compelling reason for compassionate release, considering, for example, the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. See id.

Defendant has not alleged that he satisfies any of the criteria for compassionate release authorized in section 1B1.13, nor has he alleged any disparity between the sentence he received and the sentence "provided for under the First Step Act." McCoy, 981 F.3d at 286. Instead, he asks this Court to exercise its discretion to grant him compassionate release because if sentenced today, he would not be classified as a career offender and would receive a lower sentence. (Doc. No. 421 at 9–14).

Defendant is correct that he would not be sentenced as a career offender today because his Hobbs Act offense is not a "crime of violence" under the career-offender guideline. See U.S.S.G. § 4B1.2(a); United States v. Green, 996 F.3d 176, 184 (4th Cir. 2021) (Hobbs Act robbery "is not a crime of violence under the career offender provision of the Sentencing Guidelines). Without that increase, he would have been subject to a total offense level of 26 and a criminal-history category of VI, resulting in an advisory Guidelines range of between 120 and 150 months in prison. (Doc. No. 175 ¶¶ 21, 48; U.S.S.G. ch. 5 pt. A).

Even though Defendant would be subject to a slightly lower advisory guideline range if sentenced today, this Court declines to grant his request for compassionate release because he has not shown an extraordinary and compelling reason justifying his compassionate release and

-5-

the sentencing considerations described in 18 U.S.C. § 3553(a) counsel against any sentence reduction. First, Defendant's sentence of 151 months is only one month greater than the high end of the range that would have applied had he not been classified as a career offender. Second, Defendant has a long history of drug-trafficking and other crimes, and his offense of conviction involved the armed robbery of a jewelry store manager. Defendant also has four disciplinary citations since 2019, and though none of those citations was for violent misconduct, as recently as July 2021, he was refusing to abide by the code of conduct required by the Bureau of Prisons. Defendant suggests that he has been subject to unfair and retaliatory treatment in the Bureau of Prisons, but he offers no proof of his assertions and a motion for compassionate release is not the proper venue for obtaining relief, even if his assertions are true.

Based on Defendant's history and characteristics and the need to protect the public from further crimes, the need to provide just punishment, and the need to deter Defendant and others from engaging in similar criminal activity, his sentence of 151 months in prison is sufficient but not greater than necessary to accomplish the Section 3553(a) sentencing objectives. Thus, the Court will deny Defendant's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 421), is **DENIED**.

Signed: May 6, 2022

Max O. Cogburn Jr
United States District Judge