UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-74-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JERITON LAVAR CURRY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Curry's pro se motion for compassionate release. (Doc. No. 421). The Government opposes Defendant's motion. (Doc. Nos. 434, 479). Defendant has filed a Reply to the Government's Response. (Doc. No. 482).

### I. Background

A complete account of the facts culminating in Mr. Curry's conviction can be found in this Court's prior order denying compassionate release. (Doc. No. 441). Full recapitulation here is unnecessary. In lieu thereof, the Court recites the relevant procedural background.

Mr. Curry pleaded guilty to Hobbs Act conspiracy in 2016. (Doc. No. 100). In his plea agreement, Mr. Curry agreed to be sentenced under the career offender guidelines if this Court found him to be a career offender. (Doc. No. 125). Defendant further agreed to a six offense-level increase because a firearm was used during the crime. (Id. ¶ 8(d); U.S.S.G. § 2B3.1(b)(2)(B)). The probation office determined that Mr. Curry was a career offender and, based on a total offense level of 32 and a criminal history category of VI, recommended a

1

sentence of between 210 and 240 months imprisonment. (Doc. No. 175 ¶¶ 22, 105).[1] The Court varied downward to an offense level of 29 and, based on a criminal history category of VI, sentenced Defendant to 151 months. (Doc. No. 293 at 84–86).

In March 2022, Mr. Curry moved for compassionate release. The Court denied his motion, finding that Defendant had not shown "an extraordinary and compelling reason justifying his compassionate release" and that "the sentencing considerations described in 18 U.S.C. § 3553(a) counsel against any sentence reduction." (Doc. 441 at 5–6). Mr. Curry appealed the Court's order denying compassionate release. Without reaching the merits of Defendant's motion, the Fourth Circuit vacated this Court's order and remanded for reconsideration. United States v. Curry, 2023 WL 5974876 (4th Cir. Sept. 14, 2023). Specifically, the Fourth Circuit held that this Court had not addressed, but is required to address, each of Mr. Curry's arguments in favor of compassionate release before denying his motion. Id., 2023 WL 5974876, at *1.

On remand, the Court addresses each of the arguments raised by Mr. Curry's motion.

**II.     Applicable Law**

Once a defendant properly exhausts his administrative remedies, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13.

---

[1] The guidelines range for this offense level and criminal history was 210 to 262 months, but Defendant faced a statutory maximum sentence of 240 months. Thus, the probation office reduced the top-end guidelines amount to 240 months. (Doc. No. 175 ¶ 106).

2

Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Mr. Curry's motion for compassionate release.

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. See, e.g., United States v. Neal, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020) (Gallagher, J.); United States v. Adeyemi, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020) (Kearney, J.). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." United States v. Willis, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (Johnson, J.) (citations omitted).

**III.    Discussion**

Section 1B1.13(b) enumerates six categories of extraordinary and compelling circumstances supporting a motion for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (6) an unusually long sentence. Defendant's motion raises the first, third, fourth, and sixth categories. The Court analyzes Defendant's motion under the 18 U.S.C. § 3553(a) factors.

  1. Medical Circumstances of the Defendant

Medical circumstances constituting an extraordinary and compelling justification for compassionate release include terminal illnesses; serious medical conditions, impairments, or

3

deteriorations of health caused by aging; and medical conditions that require long-term or specialized medical care that is not being provided and present a risk of serious deterioration in health. U.S.S.G. § 1B1.13(b)(1). A Court may also find extraordinary and compelling reasons justifying compassionate release if the defendant shows that they are housed at a facility affected by an ongoing outbreak of infectious disease, defendant is at increased risk of suffering severe medical complications as a result, and this risk cannot be adequately and timely mitigated. Id.

Mr. Curry suffers from several medical conditions including hypertension, obesity, diabetes, and diabetes-related neuropathy. (Doc. No. 479 Ex. 2 at 2). But Defendant has not shown that these conditions diminish his ability to provide self-care, or that he is not receiving adequate healthcare. Mr. Curry's medical records suggest that he is receiving healthcare in prison. (Id. Ex 2–3). Mr. Curry's medical conditions do not warrant compassionate release.

Mr. Curry's motion (filed in early 2022) suggests that COVID outbreaks at his facility justify compassionate release. But United States Penitentiary Coleman, where Mr. Curry is currently housed, currently reports low or nonexistent incidence of COVID. Defendant cannot show that the incidence of COVID in his facility creates an extraordinary and compelling reason justifying compassionate release.

    2. Defendant's Family Circumstances

Family circumstances may justify compassionate release upon the death or incapacitation of the caregiver of defendant's minor child (or an older child incapable of self-care) or the incapacitation of defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. U.S.S.G. § 1B1.13(b)(2). "Generally, compassionate release based on family circumstances has only been granted where a defendant is the sole available caregiver for his or her minor child or a closely related and incapacitated adult." United

4

States v. Burrough, 2022 WL 2318512, at *5 (W.D.N.C. June 28, 2022).

Mr. Curry argues that he should be released to care for his aging grandmother. He claims to be her sole caretaker, and that she is becoming increasingly forgetful and confused. But Curry fails to provide any evidence of his grandmother's incapacitation, or his claim that she lacks another caretaker. Absent such evidence—like medical reports or affidavits from family or community members—the Court does not credit Mr. Curry's claims.

3. Physical Abuse

Mr. Curry asserts that Bureau of Prisons officials have retaliated against him for advocating on behalf of other inmates. But he does not describe where or when this retaliation occurred or provide any evidence to corroborate his claim. Curry has also not presented any evidence of increasing violence within his facility. Mr. Curry has the burden to show circumstances meeting the test for compassionate release. He fails to meet that burden.

4. Unusually Long Sentence

Imposition of an "unusually long sentence" may warrant compassionate release where the defendant has served at least ten years of that sentence and new legal development, other than a retroactive amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Defendant was sentenced as a career offender. If he were sentenced today, he would not be sentenced as a career offender because his Hobbs Act offense is no longer considered a "crime of violence" under the career-offender guideline. See U.S.S.G. § 4B1.2(a); United States v. Green, 996 F.3d 176, 184 (4th Cir. 2021). Absent Mr. Curry's career offender status, he would have been subject to a total offense level of 26 and a criminal history category of VI, for an

advisory Guidelines range of between 120 and 150 months imprisonment. WDNC Case No. 3:16CR74, Doc. 175 ¶¶ 21, 48; U.S.S.G. ch.5 pt. A.

This Court sentenced Mr. Curry to 151 months. The one-month difference between Mr. Curry's actual sentence and the 150-month maximum sentence he would receive under today's Guidelines is not a "gross disparity." More importantly, Mr. Curry has not yet served ten years of his sentence. Thus, Defendant has failed to show that his sentence constitutes an extraordinary and compelling circumstance justifying compassionate release.

5. The § 3553(a) Factors

The considerations enumerated at 18 U.S.C. § 3553(a) counsel against reducing Mr. Curry's sentence. As the foregoing section illustrates, Mr. Curry fails to show unwarranted sentence disparity. Further, Curry has a substantial criminal history and is currently incarcerated for a crime involving armed robbery. Mr. Curry has four disciplinary citations since 2019, though none of them are violent. Curry has completed some educational and work-assignment programs, but these successes alone do not justify compassionate release. Based on Mr. Curry's history and the need to protect the public from other crimes and to deter Curry and others from engaging in similar criminal activity, Mr. Curry's sentence of 151 months in prison is sufficient but not greater than necessary to accomplish the § 3553(a) sentencing objectives.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion for compassionate release (Doc. No. 421) is **DENIED**.

*[Signature]*

Max O. Cogburn Jr.
United States District Judge