UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-CR-00074-MOC-SCR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JERITON LAVAR CURRY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se "Motion for Recusal of Judge and Parties in the Western District of North Carolina U.S. District Courts" (the "Motion"). (Doc. No. 483). Defendant's Motion requests that "the parties, Judges, and all affialates [sic] in this District" recuse themselves in this case. Id. at 1.

Recusal of federal judges is governed by 28 U.S.C. § 455. See 28 U.S.C. § 455; Inamanamelluri v. Wells Fargo Bank, No. 3:23-cv-00391-MOC, 2023 WL 9183718, at *1 (W.D.N.C. Dec. 6, 2023). Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute also requires disqualification under certain statutorily prescribed circumstances, including, as relevant here, where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); Inamanamelluri, 2023 WL 9183718, at *1.

> "[P]artiality" requires an apparent disposition toward a party that is "wrongful or inappropriate." The mere fact that a judge may be "illdisposed" towards a defendant because of damaging evidence is not sufficient. Moreover, "opinions held by judges as a result of what they learned in earlier proceedings" are not subject to "deprecatory characterization as bias or prejudice." Likewise, "judicial

> rulings alone almost never constitute valid basis for a bias or partiality motion." Inevitably, such rulings arouse strong feelings. The Supreme Court has made crystal clear, however, that litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of their case.

United States v. Gordon, 61 F.3d 263, 267-68 (4th Cir. 1995) (quoting Liteky v. United States, 510 U.S. 540, 550-55 (1994)) (internal citations omitted); United States v. Dent, No. 1:22CR3 (KLEEH), 2023 WL 4234394, at *3 ("Critically, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, and a judge need not recuse themself based on unsupported, irrational or highly tenuous speculation." (internal citations and quotation marks omitted)). Courts consider recusal using an objective standard, asking "whether the judge's impartiality [or bias] might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'" United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (quoting United States v. Sellers, 566 F.2d 884, 887 (4th Cir. 1977)); Inamanamelluri, 2023 WL 9183718, at *1 (applying objective standard in denying motion for recusal and considering among others recusal under 28 U.S.C. § 455(a) and (b)(1)).

The crux of Defendant's recusal request is based on the judicial decisions made in this case, his disagreement with such decisions, and alleged complaints Defendant filed related to such judicial decisions. (Doc. No. 483 at 1-2). However, adverse judicial rulings do not constitute a valid basis for recusal. Inamanamelluri, 2023 WL 9183718, at *1 ("[A]dverse rulings do not create a basis to question the Court's impartiality."). Recusal of all judges in this District is inappropriate under these circumstances; accordingly, Defendant's Motion will be denied. See Dent, 2023 WL 4234394, at * (N.D. W. Va. June 28, 2023) (denying motion for recusal where defendant's argument related to judicial rulings even where defendant had filed judicial complaint based on pretrial rulings in criminal case); Valerino v. Holder, No. 1:14-cv-89, 2014 WL 11512361, at *1-

2 (E.D. Va. July 24, 2014) (denying motion for recusal of all judges in Eastern District of Virginia where plaintiff did not show partiality or bias sufficient to support recusal).

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion for Recusal of Judge and Parties in the Western District of North Carolina U.S. District Courts" (Doc. No. 483) is **DENIED**.

**SO ORDERED**.

Signed: February 5, 2024

Susan C. Rodriguez
United States Magistrate Judge