IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CR74-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| JERITON LAVAR CURRY, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO MOTION TO RECONSIDER**

Defendant Jeriton Lavar Curry asks this Court to reconsider its denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* WDNC Case No. 3:16CR74, Doc. 488. Curry submits additional medical and other documentation in support of his motion. The United States has reviewed this information and sought additional information from the Bureau of Prisons. The United States continues to oppose Curry's motion for compassionate release because Curry has not identified extraordinary and compelling circumstances justifying this exceptional relief and the sentencing factors described in 18 U.S.C. § 3553(a) weigh against a discretionary sentence reduction.

**BACKGROUND AND PROCEDURAL HISTORY**

The United States summarized the factual background and procedural history in its earlier filed responses to Curry's motion. In December of 2015, Curry

instructed Reginald Tate to rob a Kay Jewelers store manager, as he made the nightly bank drop. WDNC Case No. 3:16CV74, Doc. 175 ¶ 5–9. Curry's girlfriend worked at the jewelry store and ordinarily followed the manager to the bank, but Curry instructed his girlfriend not to follow him on the night of the robbery, offering the excuse that her car was "running hot." *Id.*, Doc. 175 ¶ 7. Tate threatened the manager with a firearm and stole the money bag from him, giving Curry a portion of the proceeds. *Id.*, Doc. 175 ¶¶ 5–7. At the time Tate committed the robbery, he had previously been convicted of breaking and entering; attempted second-degree kidnaping for which he was sentenced to 19 to 23 months in prison; 10 drug-trafficking offenses for which he received consolidated terms of between 12 and 24 months in prison. *Id.*, Doc. 175 ¶¶ 30–31, 36, 39.

A federal grand jury indicted Curry and charged him with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951; Hobbs Act robbery, *id.*; and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). *Id.*, Doc. 3 at 1–3. Three months after he was indicted, Curry agreed to plead guilty to the Hobbs Act conspiracy offense. *Id.*, Doc. 125 ¶ 1. Curry also agreed that if the district court determined he was a career offender, he would be sentenced under the career-offender guideline. *Id.*, Doc. 125 ¶ 8(b). And Curry agreed that his offense level should be increased by six levels because a firearm was used during his offense of conviction. *Id.*, Doc. 125 ¶ 8(d); U.S.S.G. § 2B3.1(b)(2)(B).

This Court's probation office submitted a presentence report and determined that Curry was a career offender based on numerous prior drug-trafficking

2

Case 3:16-cr-00074-MOC-SCR    Document 508    Filed 04/27/24    Page 2 of 12

convictions. *Id.*, Doc. 175 ¶ 22. Based on a total offense level of 32 and a criminal-history category of VI, the Sentencing Guidelines advised a sentence of between 210 and 262 months in prison. *Id.*, Doc. 175 ¶ 106. Curry faced a statutory maximum sentence, however, of 240 months in prison, reducing the advisory range to between 210 and 240 months in prison. *Id.*, Doc. 175 ¶ 105.

This Court sentenced Curry to a downward-variance term of 151 months in prison, explaining that 10 years is a long time in prison and that Curry had not had a sufficient opportunity to serve sufficient time to understand what might happen if he were prosecuted federally. *Id.*, Doc. 293 at 84–85. The court varied downward to an offense level of 29 and a criminal-history category VI, sentencing Curry to 151 months in prison. *Id.*, Doc. 293 at 85–86.

Curry appealed this Court's judgment, and the Fourth Circuit ordered supplemental briefing on the question whether conspiracy to commit Hobbs Act robbery is a crime of violence under the career-offender guideline. *United States v. Curry*, 744 F. App'x 784, 785 (4th Cir. 2018). The United States moved to dismiss Curry's appeal based on the appeal waiver in the parties' plea agreement, and the Fourth Circuit granted the United States' motion in part, holding that Curry had waived his right to challenge his classification as a career offender and his resulting sentence. *Id.* at 786.

In June of 2019, Curry filed a motion to vacate his conviction and sentence, arguing in part that he was improperly classified as a career offender because his conspiracy offense is not a crime of violence for purposes of that guideline. WDNC

3

Case No. 3:19CV292, Doc. 1 at 5. This Court dismissed and denied Curry's motion to vacate, holding that Curry's Hobbs Act conspiracy offense is a crime of violence under the career-offender guideline and that he was properly sentenced as a career offender. *Id.*, Doc. 13 at 23–24. This Court also held that Curry's claim of sentencing error was barred by his waiver in his plea agreement of the right to challenge his sentence in a post-conviction proceeding. *Id.*, Doc. 13 at 18.

As described in the United States' earlier filed response to Curry's motion, he has committed four disciplinary infractions between 2019 and July of 2021 while in the Bureau of Prisons. Curry has completed 16 educational courses or work programs. *Id.*

In 2020, Curry submitted a request for compassionate release to the warden of his Bureau of Prisons institution. *Id.*, Doc. 327-1 at 1. In March of 2022, Curry asked this Court to grant him compassionate release because if he were sentenced today, he would receive a shorter sentence. *Id.*, Doc. 421 at 9–14.

This Court denied Curry's motion two months later, finding that "[e]ven though [Curry] would be subject to a slightly lower advisory guideline range if sentenced today," he had not shown "an extraordinary and compelling reason justifying his compassionate release and the sentencing considerations described in 18 U.S.C. § 3553(a) counsel against any sentence reduction." *Id.*, Doc. 441 at 5–6.

Without addressing the merits of this Court's decision, the Fourth Circuit vacated its order and remanded for reconsideration. *United States v. Curry*, 2023 WL 5974876 (4th Cir. Sept. 14, 2023). The court explained that in addition to

arguing that he would receive a lower sentence today, Curry had asked this Court to grant him compassionate release because of the Bureau of Prison's handling of the COVID-19 pandemic, increasing violence at his prison facility, and his grandmother's deteriorating health. *Id.*, 2023 WL 5974876, at *1. The court stated that while this Court's order rejected Curry's request for compassionate release based on his assertion that he would not be classified as a career offender and would receive a lower sentence if sentenced today and had earlier addressed Curry's vulnerability to COVID in denying two of Curry's earlier requests for compassionate release, this Court had not addressed Curry's other arguments in favor of compassionate release. *Id.*

After receiving a supplemental response from the United States, this Court again denied Curry's motion. WDNC Case No. 3:16CR74, Doc. 488. Curry now asks this Court to reconsider its order denying his motion.

## ARGUMENT

**This Court should decline to reconsider its denial of Curry's motion for compassionate release because he has not identified extraordinary and compelling reasons for a reduction in his sentence and the § 3553(a) sentencing factors counsel against any sentence reduction.**

A.  *No Extraordinary and Compelling Circumstances*

  1.  *Change in law*

As the United States explained in its earlier filed response to Curry's motion, Curry has not shown that he is eligible for compassionate release under Sentencing Guidelines § 1B1.13(b)(6). His sentence of 150 months is not unusually long. He

5

has not served 10 years of that sentence. And he cannot show that the difference between the guideline range the 151-month sentence he is serving and the sentence this Court likely would impose in the light of a reduced guideline range of 120–150 months is not "grossly disparate." Curry suggests that he would be eligible for a lower guideline range of 92–115 months in prison based on a total offense level of 23 and a criminal-history category of VI, *see* WDNC Case No. 3:16CR74, Doc. 494 at 14. But this Court adopted the presentence report, which found an adjusted offense level of 26 before applying the career-offender increase. *See id.*, Doc. 269 at 1. A total offense level of 26 and a criminal-history category of VI yields the 120–150-month guideline range. U.S.S.G. ch. 5, pt. A. And even if Curry could show that he was serving an unusually long sentence and had served 10 years of that sentence, he could not show that the sentence he likely would have received without the career-offender increase and the sentence he is currently serving is "grossly disparate."

          b.    *Family Circumstances*

This Court should continue to reject Curry's suggestion that his need to care for his grandmother is an extraordinary and compelling circumstance warranting compassionate release. Curry relies principally on a letter from a neighbor and friend of Curry's family, Dorothy Thompson, who states that Curry's grandmother has been diagnosed with Parkinson's disease and a "Neurocognitive disorder" and that she "needs 24/7 supervision." WDNC Case No. 3:16CR74, Doc. 481. Thompson also states that Curry's release would be "very beneficial to the care of his

6

grandmother and family" and would "be a big motivation to her."  While this letter suggests that Curry's grandmother needs assistance, Curry has not shown that he is "the only available caregiver" for his grandmother, nor has he supported his claim with any medical documentation of the extent of his grandmother's incapacity. U.S.S.G. § 1B1.13(b)(3)(D).  Additionally, when considered in the light of his criminal history and offense conduct, he cannot show that he "is not a danger to the safety of any other person or the community."  U.S.S.G. § 1B1.13(a)(2).

   c. *Medical Impairments*

As the United States acknowledged in its earlier response, Curry unquestionably suffers from several medical conditions requiring attention.  In particular, he suffers from Bells palsy, which causes periodic numbness and weakness on his left side; Type 2 diabetes, morbid obesity, and hypertension, among other conditions.  Curry medical records 4/11/23–4/11/24 at 16, 21, 54, 56, 74, 158. Curry has suffered from peripheral neuropathy related to his diabetes.  *Id.* at 222–23. Although Curry suggests he suffered a stroke in the spring of 2023, WDNC Case No. 3:16CR74, Doc. 495 at 2, his medical records reflect that "acute stroke was ruled out" and that he was instead diagnosed with Bells palsy.  Curry medical records 4/11/23–4/11/24 at 69.  His medical records also reflect a history medication noncompliance.  *See*, *e.g.*, *id.* at 4 ("[I]nmate had not taken his meds all day."), 7 ("[Patient] reports that he is not taking the HCTZ because he believes he is on too many medications."), 13–14 ("He is not taking the 12 units regular insulin."), 194 ("Personal history of noncompliance with medical treatment, presenting hazards to

7

health"). And his medical records reflect several trips to the hospital, just within the last year, and very regular medical care. *See generally id.*; *id.* at 184–216, 228–252, 262–296.

Curry has not described medical conditions severe enough to constitute an extraordinary and compelling reason to grant compassionate release. First, Curry has not shown that his medical conditions "substantially diminish" his ability to provide self-care. Second, Curry has not shown that he is not being provided adequate health care. His diagnosis of diabetes increases his risk of suffering other medical conditions, including the peripheral neuropathy he has experienced. But that condition would pose risks whether or not he was imprisoned, and his extensive medical records suggest that he is receiving adequate medical care. Curry suggests that his housing at USP Coleman increases his risk of medical complications because he is housed in a restrictive housing unit. WDNC Case No. 3:16CR74, Doc. 494 at 9. Curry has since been transferred to USP Canaan, however, so any risks presented by his housing at USP Coleman no longer exist. None of Curry's medical records reflect that he is unable to care for himself. Instead, they reflect his ability to seek care when needed and a consistent refusal to take medications as prescribed.

        d.     *Retaliation and Violence*

Finally, this Court should reject Curry's assertion that his treatment within the Bureau of Prisons or an increase in violence at his Bureau of Prison facility justifies a reduction in his sentence. Curry has submitted copies of complaints filed

8

with the Civil Rights Division of the Department of Justice. One complaint alleges that the conditions of his confinement at USP Coleman were unsafe as a result of unsafe preparation of food, a sewer-pipe leak, poor medical and psychological services, profane and offensive treatment by corrections officers and other inmates, and insufficient access to recreation and fresh air. *Id.*, Doc. 484 at 10. The second complaint alleges inadequate medical care and that a former warden at USP Coleman pulled Curry's pants down in front of female corrections officers and numerous others. *Id.*, Doc. 484 at 24. Curry has also submitted a complaint about the threats posed by other inmates. While Curry has submitted numerous complaints about his treatment at USP Coleman and while in transit, he has not presented any evidence that he has suffered sexual or physical abuse involving a "sexual act" or "serious bodily injury." *See* U.S.S.G. § 1B1.13(b)(4). Additionally, he has since been transferred to USP Canaan and does not appear to complain Curry has not satisfied his burden to show any mistreatment, let alone mistreatment rising to the level of an extraordinary and compelling circumstance.

2. *The § 3553(a) factors*

As argued in the United States' previously filed response to Curry's motion, the sentencing considerations described in 18 U.S.C. § 3553(a) also counsel against any sentence reduction. First, Curry has not shown an unwarranted sentence disparity. His sentence of 151 months is only one month greater than the high end of the range that would have applied had he not been classified as a career offender. Second, Curry has a long history of drug-trafficking and other crimes, and his

offense of conviction involved the armed robbery of a jewelry store manager. Curry also has four disciplinary citations since 2019, and though none of those citations was for violent misconduct, as recently as July of 2021, he was refusing to abide by the code of conduct required by the Bureau of Prisons. Additionally, Curry has successfully completed educational and work-assignment programming, but his efforts at rehabilitation are not extraordinary. Based on Curry's history and characteristics and the need to protect the public from further crimes, the need to provide just punishment, and the need to deter Curry and others from engaging in similar criminal activity, his sentence of 151 months in prison is sufficient but not greater than necessary to accomplish the section 3553(a) sentencing objectives.

## CONCLUSION

Curry has not identified any extraordinary or compelling reason for his compassionate release under the amended guideline, and the § 3553(a) sentencing factors weigh against any sentence reduction. This United States respectfully requests, therefore, that this Court deny Curry's motion to reconsider.

RESPECTFULLY SUBMITTED, this the 27th day of April, 2024.

          DENA J. KING
          ACTING UNITED STATES ATTORNEY

          <u>s/Amy E. Ray</u>
          Assistant United States Attorney
          Room 233, U.S. Courthouse
          100 Otis Street
          Asheville, North Carolina  28801
          Telephone:   (828) 271-4661
          Fax:  (828) 271-4670
          E-mail:  Amy.Ray@usdoj.gov

11

Case 3:16-cr-00074-MOC-SCR   Document 508   Filed 04/27/24   Page 11 of 12

**CERTIFICATE OF SERVICE**

  I certify, on this 27th day of April, 2024, that a copy of the foregoing ***Response Opposing Motion to Reconsider*** will be served upon Curry by serving him at his address as reflected in the Bureau of Prisons Inmate Locator.

            s/Amy E. Ray
            Assistant United States Attorney
            USAO Asheville, NC